**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| CARMEN BRUCKNO, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. _____ |
| v. | )<br>) CLASS ACTION COMPLAINT<br>) AND DEMAND FOR JURY TRIAL |
| TUFTS UNIVERSITY, | )<br>) |
| Defendant. | ) |

Plaintiff Carmen Bruckno ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Tufts University ("Tufts" or "Defendant"), and complains and alleges upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys, and says:

### I.   NATURE OF THE CASE

1. Tufts is one of the most prestigious private universities in the country, providing higher education in the arts, sciences, medicine, engineering, law and diplomacy, and management, among other disciplines. Plaintiff is a student at Tufts.

2. On March 10, 2020, Tufts announced that it was canceling in-person classes due to the pandemic of the Coronavirus Disease 2019 ("COVID-19").

3. Plaintiff does not dispute that Tufts's decision to cease in-person instruction was warranted. Plaintiff asks merely to be refunded the money she spent for services that were not provided.

4. For the Spring 2020 semester, Tufts charged undergraduate students $28,617 in tuition alone. For the 2020-2021 academic year, tuition, fees, room and board and other expenses were calculated at approximately $79,000.

5. Prior to its March 2020 announcement that it would cease in-person instruction and effectively close the campus for the rest of the Spring 2020 semester, Tufts permitted online education for only some courses in only some schools. In fact, for its undergraduate students, Tufts prohibited students from taking more than 15 semester hour units online.[1]

6. After its March 2020 announcement, Tufts canceled three days of classes (March 13, March 23, and March 24), and moved substantially all of the remaining classes online. Many classes were canceled for the rest of the semester, and not taught even online. In either case, students like Plaintiff were forced to forego the remaining semester of promised in-class instruction.

7. Though Tufts could no longer provide the remaining classroom/direct faculty instruction after shuttering the university in early March, Tufts still demanded that students pay the full tuition price.

8. While the effects of the COVID-19 crisis are shared by all individuals and institutions across the country, Tufts has failed to apportion the burden in an equitable manner or consistent with its obligations as an educational institution.

9. Tufts is not entitled, by either contract or equitable principles, to pass the entire cost of its COVID-19 related closure to its students and their families. Plaintiff and the putative Class are entitled to a partial refund of the tuition, fees, and other related payments for in-person

---

[1] Tufts Academic Credit Policies Before and After 2018, *available at* https://students.tufts.edu/sites/default/files/UpdatesAAAcreditpolicycomparisonGRID.pdf (last viewed October 22, 2020).

educational services, access to facilities, and/or related opportunities for which they paid that Tufts did not provide.

10. Online classes cannot replicate the full academic opportunities and experiences of in-person instruction. Remote learning options cannot replace the comprehensive educational experience promised by Tufts. Access to facilities, materials, laboratories, faculty, student collaboration, and the opportunity for on-campus living, school events, dialogue, feedback and critique are essential to the educational experience.

11. Plaintiff and the putative Class contracted and paid for a robust education and full experience of academic life on Tufts's campus; remote online learning cannot provide the same value as in-person education.

12. As a result, Tufts has financially damaged Plaintiff and the putative Class members. Plaintiff brings this suit because Plaintiff and the Class members did not receive the full value of the services for which they paid. They lost the benefit of their bargain and/or suffered out-of-pocket loss. They are entitled to recover compensatory damages, trebling where permitted, and attorneys' fees and costs.

13. Plaintiff seeks, for herself and the putative Class members, a return of a prorated portion of the tuition, fees and other related costs, proportionate to the diminished value of online classes and the amount of time in the Spring 2020 and following semesters when Tufts ceased in-person classes, campus services and access to campus facilities, continuing through to such time as Tufts reinstates in-person classes.

## II.  **JURISDICTION AND VENUE**

14. The Court has original jurisdiction of this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because at least one member of the Class, as defined below, is

a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds five million dollars ($5,000,000.00), exclusive of interest and costs.

15. The vast majority of Tufts students are not citizens of Massachusetts.[2]

16. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Tufts is headquartered in this district.

17. The Court has personal jurisdiction over Tufts because Tufts is headquartered in this district, because many of the acts and transactions giving rise to this action occurred in this district, and because Tufts conducts substantial business in this district.

### III.   PARTIES

18. Plaintiff Carmen Bruckno is a citizen and resident of the State of Pennsylvania. Plaintiff was enrolled as a full-time student for the Spring 2020 academic semester at Defendant Tufts University. Tufts charged the Plaintiff $28,617 in tuition for the Spring 2020 semester.

19. Defendant Tufts University is a private educational institution that offers programs at eleven constituent schools. Tufts had a total enrollment of approximately 10,919 full-time students at the start of the Fall 2019 semester. As of June 2019, Tufts reportedly had an endowment of $1.98 billion.

---

[2] Tufts 2019-2020 Fact Book at 25-27, *available at* https://provost.tufts.edu/institutionalresearch/files/Fact-Book-2019-20.pdf (last viewed October 21, 2020).

## IV.     FACTUAL ALLEGATIONS

A.     **Contract Terms**

20.     Plaintiff and Class members entered into an express or implied contract with Tufts whereby, in exchange for the payment of tuition, fees and other related costs, Tufts would provide an agreed-upon number of classes through in-person instruction and access to physical resources and school facilities such as libraries, laboratories, and classrooms.[3]

21.     For each class taken, Tufts promised to provide the education specified in the course catalog and course syllabus, including the time and physical location of the in-person instruction. An example of such a promise is below:[4]



22. Tufts prohibits changes in course formats unless they are approved by the school's curricular committee.

23. Plaintiff accepted Tufts's offer.

24. Plaintiff paid (or ensured payment to) Tufts the amounts it requested for tuition and fees.

25. Plaintiff substantially performed her contractual obligations.  Tufts did not.

**B.    Closure of Campus and Suspension of In-Person Education**

26. On March 10, 2020, while students were on spring recess, Tufts announced it was canceling classes March 13, 23, and 24, and thereafter moving all or substantially all classes online for the remainder of the Spring 2020 semester. Tufts subsequently effectively closed the campus to students for the remainder of the semester.

27. Though all in-person instruction effectively ended on March 10, 2020, some classes

---

3    Tuition for the 2019-2020 academic year is available in Tufts 2019-2020 Fact Book, *available at* https://provost.tufts.edu/institutionalresearch/files/Fact-Book-2019-20.pdf (last viewed October 21, 2020). Tuition for the 2020-2021 academic year is available on the website for the Tufts school.

4    Tufts Student Information System, *available at* https://sis.uit.tufts.edu. The example provided is available at https://sis.uit.tufts.edu/psp/paprd/EMPLOYEE/EMPL/h/?tab=TFP_CLASS_SEARCH&PORTALPARAM_PTCNAV=TFP_CLS_SEARCH_BETA&EOPP.SCNode=EMPL&EOPP.SCPortal=EMPLOYEE&EOPP.SCName=TFP_GUEST&EOPP.SCLabel=Tufts%20Course%20Catalogs&EOPP.SCFName=TFP_COURSE_CATALOGS&EOPP.SCSecondary=true&EOPP.SCPTfname=TFP_COURSE_CATALOGS&FolderPath=PORTAL_ROOT_OBJECT.TFP_TUFTS.TFP_GUEST.TFP_COURSE_CATALOGS.TFP_CLS_SEARCH_BETA&IsFolder=false#search_results/term/2202/career/ALL/subject/course/attr/keyword/instructor (last viewed October 16, 2020) (left arrow added for emphasis).

were taught in an online format beginning March 25. Even students with concentrations in areas where in-person instruction is especially crucial (such as music, theatre, and the sciences), Tufts provided either no instruction or only remote, online instruction.

28.     As a result of the closure of Tufts's campuses and facilities, Tufts has failed to deliver the educational services, facilities, access and/or opportunities for which Plaintiff and the putative Class contracted and paid, either directly or through a third-party on their behalf.

29.     Tufts subsequently announced that substantially all of its Fall 2020 classes would be taught online, and that on-campus life would be drastically reduced with the vast majority of faculty and staff continuing to work remotely into the foreseeable future.

30.     Though Plaintiff and members of the Class paid Tufts tuition in exchange for a full semester of in-person education, Tufts ceased to provide the in-person education it promised, and thus has failed to uphold its side of the agreement. Nonetheless, Tufts insists that students uphold their side of the agreement, and refuses to refund tuition and related expenses.

31.     In so doing, Tufts is attempting to replace the irreplaceable – on-campus life at an elite university – with "virtual learning" via online classes, and is attempting to pass off this substitute educational experience as the same as or just as good as full participation in the university's academic life.

32.     Plaintiff and members of the Class paid Tufts tuition in reliance on its promise of teaching the courses for which she registered in the promised "In Person" course format and with in-person facility access. Plaintiff did not choose to attend and/or pay tuition for online courses.

**B.     Inferiority of Online Educational Experience**

33.     At least one academic study found that "[o]nline courses do less to promote academic success than do in person courses." The study found that:

      a)      Taking a course online reduced student achievement in that course by .44 points on the traditional four-point grading scale, a full one-third of a standard deviation;

      b)      Specifically, students taking the in-person course earned roughly a B- (2.8 GPA) versus a C (2.4 GPA) for students taking an online version of the same course;

      c)      Taking a course online also reduces future grades by 0.42 points for courses taken in the same subject area in the following semester;

      d)      Taking an online course reduced the probability of the student remaining enrolled in the university a year later by over ten percentage points.

Eric P. Bettinger *et al., Virtual Classrooms: How Online College Courses Affect Student Success*, AMERICAN ECONOMIC REVIEW, Vol. 107, No. 9, p. 2857.

      34.      Tufts's move to online-only classes deprived students of the opportunity to benefit from a wide variety of academic and student events, on-campus entertainment, facilities, and athletic programs, which provided considerable value to Plaintiff and the Class members.

      35.      The significance of in-person learning and interaction with faculty as the lifeblood of the campus and university experience is evident in the emphasis it is given in the Tufts course catalog and degree requirements.

      36.      Tufts further emphasizes the importance of in-person education through other school policies. For example, Tufts permits students to transfer credits from other institutions, so

long as the courses were not for online courses.[5] And prior to COVID-19, Tufts severely restricted the number of courses its students may take in an online format.[6]

37.     The online learning options Tufts provided following its March 2020 COVID-19 announcement, though consistent with safety measures, cannot provide the academic and collegiate experience Tufts itself extolls as its signatures.

38.     In-person education is more valuable and desirable than online education.

39.     Before COVID-19, Tufts offered a handful of online degrees, and charged the same in tuition as its in-person degree.  However, enrollment numbers demonstrate how few students agreed that online programs were worth as much as in-person programs. For the 2018-2019 academic year, for example, Tufts reported to the National Center for Education Statistics that 11,263 students took no online classes, only 184 students took all online classes, and only 139 took some online classes.

**D.     Damages**

40.     Through this lawsuit Plaintiff seeks, for herself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring 2020 semester when classes moved online and campus services ceased being provided, accounting for the diminished value of online learning, as well as for each subsequent semester, continuing until Tufts resumes in-person classes. Plaintiff seeks return of these amounts on behalf of herself and the Class as defined below.

---

[5]     "Tufts does not accept transfer credits for internships nor for online courses." Tufts 2020-2021 Bulletin, *available at* https://students.tufts.edu/registrar/bulletin/2020-2021-academic-policies-and-procedures/general-undergraduate-information (last viewed October 22, 2020).

[6]     Tufts Academic Credit Policies Before and After 2018, *available at* https://students.tufts.edu/sites/default/files/UpdatesAAAcreditpolicycomparisonGRID.pdf (last viewed October 22, 2020).

41. Plaintiff also seeks damages relating to Tufts's passing off an online, "virtual" college experience as similar in kind to full immersion in the academic life of a college campus.

## V. CLASS ACTION ALLEGATIONS

42. Plaintiff seeks to represent a Class defined as:

> Any person who paid or caused to be paid tuition and/or fees to attend Tufts University when classes and/or coursework were limited in whole or in part to online attendance as a result of or in connection with COVID-19 (the "Class").

Specifically excluded from the Class are Tufts, its officers, directors, trustees and agents, the judge assigned to this action, and any member of the judge's immediate family.

43. Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

44. **Numerosity.** The members of the Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiff reasonably estimates that there are thousands of members in the Class. Although the precise number of Class members is unknown to Plaintiff at this time, the true number of Class members is known by Defendant and may be determined through discovery. Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

45. **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. These common legal and factual questions include, but are not limited to, the following:

      a)    whether Tufts accepted money from Class members in exchange for the promise to provide services;

      b)    whether Tufts provided the services for which Class members contracted;

      c)    whether Class members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Tufts did not provide;

      d)    whether Tufts is liable to Plaintiff and the Class for unjust enrichment.

46. **Typicality.** Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein. Further, there are no defenses available to Defendant that are unique to Plaintiff.

47. **Adequacy of Representation.** Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel that is highly experienced in complex class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class. Furthermore, Plaintiff has no interests that are antagonistic to those of the Class.

48. **Superiority.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for the Class on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if Class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By

contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

49. In the alternative, the Class may also be certified because:

  a) the prosecution of separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant; and/or

  b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

  c) Tufts has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## COUNT I
### Breach of Contract

50. Plaintiff restates, realleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

51. Plaintiff brings this claim individually and on behalf of the members of the Class against Tufts.

52. Through its student and faculty policies, course catalog, course schedule, admission agreement and payment of tuition and fees, and other items alleged above, Plaintiff and each

member of the Class entered into a binding contract with Tufts.

53. As part of the contract, and in exchange for the aforementioned consideration, Tufts promised to provide in-person education services, including in-person instruction and access to on-campus resources, for the full duration of the Spring 2020 semester, and continuing into the 2020-2021 academic year.

54. Plaintiff and Class members fulfilled their end of the bargain when they paid (or caused to be paid) monies due for tuition, fees and related expenses.

55. Tufts has failed to provide the contracted-for services and has otherwise not performed under the contract as set forth above. Tufts has retained monies paid by Plaintiff and the Class and refuses to issue tuition adjustments or any other type of refund or reimbursement.

56. Plaintiff and members of the Class have suffered damage as a direct and proximate result of Tufts's breach, including but not limited to deprivation of the education, experience, and services that they were promised and for which they have already paid.

57. As a direct and proximate result of Tufts's breach, Plaintiff and the Class are entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Tufts for services that Tufts has failed to deliver.

## COUNT II
**Unjust Enrichment**

58. Plaintiff restates, realleges and incorporates by reference the allegations contained in all preceding paragraphs of this Complaint as if fully set forth herein.

59. Plaintiff brings this claim individually and on behalf of the members of the Class against Tufts, and in the alternative to Count I.

60. Plaintiff and members of the Class conferred a benefit on Tufts in the form of

monies paid for tuition, fees and related expenses in exchange for certain service and promises. This tuition was intended to cover in-person educational services for the academic semester.

61. Tufts benefited, voluntarily accepting and retaining the monies Plaintiff and members of the Class paid.

62. Plaintiff and members of the Class did not pay for course credits. Plaintiff and members of the Class paid for the services Tufts promised, which they did not receive.

63. Tufts unfairly and inequitably retained the tuition and fees paid by Plaintiff and the members of the Class, and failed to provide the services for which the tuition and fees were collected.

64. The online education services Tufts substituted for the in-person education for which Plaintiff and Class members paid has a substantially lesser value, but Tufts has nonetheless retained full payment.

65. It would be unjust and inequitable for Tufts to retain benefits in excess of the services it provided, and Tufts should be required to disgorge any tuition, fees and related expenses that exceed the value of online education.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant as follows:

A. For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

B. For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

C. For damages in amounts to be determined by the Court and/or jury;

D.      For prejudgment interest on all amounts awarded;

E.      For an order of restitution and all other forms of equitable monetary relief, including disgorgement;

F.      For injunctive and declaratory relief as pleaded or as the Court may deem proper;

G.      For an order awarding Plaintiff and the Class reasonable attorneys' fees and expenses and costs of suit; and

H.      All other relief to which Plaintiff and members of the Class may be entitled by law or in equity.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.


Dated: October 28, 2020            Respectfully submitted,

CARMEN BRUCKNO, *on behalf of herself and all others similarly situated.*

By: */s/Christopher M. Lefebvre, Esq.*
Consumer & Family Law Center of
Claude F. Lefebvre | Christopher M. Lefebvre, PC
PO Box 479 • Pawtucket • 02862
Tel: (401) 728-6060 • Fax: (401) 728-6534
chris@lefebvrelaw.com
BBO# 629056


*/s/Yvette Golan*
Yvette Golan*
**THE GOLAN FIRM**
2000 M Street, NW, Suite #750-A
Washington, D.C. 20036
T: (866) 298-4150
F: (928) 441-8250
ygolan@tgfirm.com

James A. Francis*
John Soumilas*
David A. Searles*
Edward H. Skipton*
**FRANCIS MAILMAN SOUMILAS, P.C.**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
T: (215) 735-8600
F: (215) 940-8000
jfrancis@consumerlawfirm.com
jsoumilas@consumerlawfirm.com
dsearles@consumerlawfirm.com
eskipton@consumerlawfirm.com

*\*Pro hac vice to be filed*

*Attorneys for Plaintiff*