UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SCOTT SCHMIDHAUSER, on behalf of himself and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 20-CV-11940-AK |
| TUFTS UNIVERSITY, | ) ) ) | |
| Defendant. | ) ) | |

## MEMORANDUM AND ORDER

**ANGEL KELLEY, D.J.**

Plaintiff Scott Schmidhauser ("Plaintiff") brings this suit on behalf of himself and all others similarly situated against Defendant Tufts University ("Tufts") for a portion of tuition and fees Tufts collected once classes moved online as a result of the COVID-19 pandemic. Before this Court are several motions: Plaintiff's Motion to Certify Class [Dkt. 73]; Defendant's Motion for Summary Judgment [Dkt. 75]; Defendant's Supplemental Motion for Summary Judgment [Dkt. 103]; and Plaintiff's Motion to Certify Questions of Law to the Massachusetts Supreme Judicial Court. [Dkt. 123]. For reasons stated below, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion to Certify Question to the Massachusetts Supreme Judicial Court is **DENIED**. Plaintiff's Motion to Certify Class is **DENIED** as moot. Plaintiff's Complaint is **DISMISSED**.

1

I.      BACKGROUND

On March 10, 2020, Governor Charlie Baker declared a state of emergency in response to the global COVID-19 outbreak.[1] Soon after, Tufts University joined other colleges and universities in their shift to remote instruction.[2] It goes without saying that there was no blueprint for schools navigating life during the COVID-19 global pandemic. Yet, colleges and universities did what they could to continue with their educational programs. They have since faced class action suits across the country from students seeking tuition refunds for campus closures. Plaintiff's suit is one of these many suits. The gist of these lawsuits is the following: students bring claims of breach of contract and unjust enrichment against their university for alleged harms suffered due to the shift to online classes during the COVID-19 pandemic. Plaintiff does not challenge Tufts' "decision to transition to online instruction" but rather Tufts' decision "to not issue refunds." [Dkt. 107 at 3].

Plaintiff was a dental student at Tufts University School of Dental Medicine. [Dkt. 18 at 4]. Tufts closed all its clinical operations from March 16 through April 10, 2020. [Dkt. 81-1 at ¶4]. Tufts officially transitioned to online instruction on March 25, 2020. [Dkt. 81-1 at ¶2]. Plaintiff was suspended from July 2020 through May 2021. [Dkt. 81 at 7]. Prior to re-enrolling, Plaintiff was required to take a remediation course in Spring 2021. [Id.]. Plaintiff filed the instant suit on October 28, 2024. [Dkt. 1]. Defendant filed a Motion to Dismiss Plaintiff's Second Amended Complaint, which the court denied on July 15, 2021. [Dkt. 46].

---

[1] Commonwealth of Massachusetts, *COVID-19 State of Emergency*, MASS.GOV, https://www.mass.gov/info-details/covid-19-state-of-emergency (last visited Nov. 22, 2024).

[2] Parker Purifoy, *Tufts, Suffolk, Emerson, and Other Mass. Colleges Move Classes Online and Require Students to Move out amid Coronavirus Concerns,* THE BOSTON GLOBE (Mar. 10, 2020, 9:33 PM), https://www.bostonglobe.com/2020/03/11/metro/tufts-suffolk-babson-other-mass-colleges-move-classes-online-require-students-move-out/.

II.  ANALYSIS

    A.  Section 80

Massachusetts is among many states across the country that have enacted laws to limit liability against institutions of higher education for campus closures and related actions in Spring of 2020.  In August 2023, Massachusetts Governor Maura Healey signed into law the Commonwealth's Fiscal Year 2024 Budget, which included a provision ("Section 80") granting institutions of higher education immunity from civil liability for claims.  This provision provides immunity if:

> (i) the claim arises out of or in connection with tuition or fees paid to the institution of higher education for the spring academic term of 2020 [so long as the institution of higher education] offered online and otherwise remote learning options that allowed students to complete the coursework in the spring academic term of 2020.

Defendant argues Section 80 "provides a complete basis for the Court to grant summary judgment to [them]" [Dkt. 104 at 7], in addition to other grounds for dismissal asserted in the initial summary judgment papers.  [Dkt. 75-1].  Plaintiff challenges the constitutionality of Section 80 asserting it "is impermissibly retroactive in violation of both the Massachusetts and U.S. Constitutions."  [Dkt. 106 at 7].  Plaintiff also argues that Section 80 violates the Contracts Clause of the U.S. Constitution.  [Id.].  Regarding Section 80's resolution under the Massachusetts law, Plaintiff requested this Court certify questions of law to the Massachusetts Supreme Judicial Court ("SJC").  [Dkt. 123].

On February 29, 2024, this Court administratively stayed this case pending the First Circuit's resolution of Dutra v. Trustees of Bos. Univ., 96 F.4th 15 (1st Cir. 2024), a case with

similar claims and arguments. [Dkt. 131]. On March 13, 2024, the First Circuit held in Dutra that Section 80 does not violate the Due Process Clause. 96 F.4th at 25. The First Circuit weighed three factors to arrive at this conclusion: "(1) the nature of the public interest which explicitly or may have motivated the Legislature to enact the retroactive statute; (2) the nature of the rights affected retroactively and the reasonableness of any reliance expectations on those rights; and (3) the extent or scope of the statutory effect or impact, including whether the statute is appropriate and narrowly tailored." Id. at 20. Since "[t]he legal analysis of whether retroactive statutes violate the Due Process Clause of the United States Constitution is that also followed as to the Massachusetts Constitution," the court also held that Section 80 did not violate the Massachusetts Constitution. Id. at 19.

Tufts moved to lift the stay after Dutra was decided. [Dkt. 132]. This Court sees no utility in rehashing the analysis. By this point, it is settled that Section 80 is not in violation of the Massachusetts or United States Constitutions. See Dutra, 96 F.4th 15; see also Omori v. Brandeis Univ., 711 F. Supp. 3d 34, 38 (D. Mass. 2024), appeal dismissed, No. 24-1084, 2024 WL 3515310 (1st Cir. June 14, 2024); Rodrigues v. Bos. Coll., 710 F. Supp. 3d 95, 102-03 (D. Mass. 2024). Omori found "[t]here is no need to undergo a separate analysis in response to plaintiffs' Contracts Clause argument" because it implicates the same reasonableness analysis as Due Process Clause analysis. 711 F. Supp. 3d at 38.

However, this Court's analysis cannot stop here. In his Second Amended Complaint, Plaintiff states that he "seeks, for himself and the putative Class members, a return of a prorated portion of the tuition, fees and other related costs, proportionate to the diminished value of online classes and the amount of time in the Spring 2020 and *following semesters* when Tufts ceased in-person classes, campus services and access to campus facilities, continuing through to such time

4

as Tufts reinstates in-person classes." [Dkt. 38 at 4] (emphasis added). Plaintiff seems to make an argument, albeit an unavailing one, that he has a claim for semesters beyond Spring 2020, thus Section 80 does not preclude all of his claims. While it is true that Section 80 only governs the Spring 2020 semester, this claim is also doomed.

### B. Additional Semesters

Plaintiff states that the only additional semester he stated a claim for was Fall 2020. [Dkt. 107 at 4] ("Plaintiff has no claims arising from any semester other than Spring 2020. DISPUTED. Plaintiff stated a claim for the Fall 2020 semester."). However, Plaintiff has repeatedly admitted that he was not enrolled in the Fall 2020 semester and, thus, lacks standing to bring any claim for this semester. [Dkt. 81-92 at 2] ("You will remain on suspension throughout the [2020] summer, fall and winter terms[.]"); [Dkt. 81-67 at ¶ 31] ("I was not awarded any academic credit during the entire 2020-2021 academic year."); [Dkt. 81-77 at 21] ("Plaintiff was enrolled, and paid, for eight semesters: Fall 2018, Spring 2019, Fall 2019, Spring 2020, Fall 2021, Spring 2022, Fall 2022, and Spring 2023."). Additionally, by Fall 2020, several months after the outbreak of the pandemic, students reasonably understood that classes would likely continue with remote instruction yet willingly enrolled.

Moreover, Plaintiff cannot state a claim for Spring 2021 because, by his own admission, he was not enrolled in any dental course in Spring 2021 due to his suspension. [See Dkt. 81-77 at 21] ("Plaintiff was not an enrolled student in the Spring 2021 term."). Thus, he likewise does not have standing to bring his claim for the Spring 2021 semester. See Katz v. Pershing, LLC, 672 F.3d 64, 71 (1st Cir. 2012) ("[A] plaintiff must establish each part of [standing]: injury, causation, and redressability."); see also Olivo v. Duncan, 317 F. App'x 686, 687 (9th Cir. 2009) (affirming dismissal since appellant lacked standing because appellant was not enrolled).

Plaintiff must establish that he personally has standing to bring each of his claims, "not that injury has been suffered by other, unidentified members of the class to which [he] belong[s] and which [he] purport[s] to represent." Warth v. Seldin, 422 U.S. 490, 502 (1975).

This Court need not address any additional semesters. Not only did Plaintiff not allege claims for semesters after Spring 2021, but COVID-19 restrictions were gradually lifted starting after Spring 2021. The Court takes judicial notice of Tufts University website and newspaper articles that stated students at Tufts started returning to in-person instruction in Fall 2021.[3] See Liang through Liang v. Allebest, No. 23-CV-11803-PGL, 2023 WL 6283429, n.2 at *1 (D. Mass. Sept. 11, 2023), report and recommendation adopted sub nom. Liang through & by his father Liang v. Allebest, No. CV 23-11803-RGS, 2023 WL 6282912 (D. Mass. Sept. 26, 2023) ("[A] court may take judicial notice of facts that are not subject to reasonable dispute because they can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.") (internal quotations and citations omitted).

As Plaintiff's claims for Spring 2020 are precluded by Section 80, and Plaintiff has no standing to bring claims for semesters in which he was not enrolled, Plaintiff has no viable claim against the Defendant University. Thus, summary judgment to the Defendant must be granted.

### C. Motion to Certify Question to the SJC

To the extent Plaintiff continues to request this Court to certify questions to the SJC, that motion is denied. The SJC permits federal courts to certify questions of Massachusetts law "which may be determinative of the cause then pending in the certifying court and as to which it

---

[3] *Coronavirus Updates*, TUFTS UNIVERSITY: DENTAL FACULTY, https://dentalfaculty.tufts.edu/coronavirus-updates/ (last visited Nov 22, 2024); see also Sara Kessel, *Accommodation and flexibility are key in the transition to in-person learning*, THE TUFTS DAILY (Sept. 10, 2021), https://www.tuftsdaily.com/article/2021/09/accommodation-and-flexibility-are-key-in-the-transition-to-in-person-learning; Alexander Janoff, *Tufts drops outdoor mask requirement, announces updates to COVID-19 policies*, THE TUFTS DAILY (June 1, 2021), https://www.tuftsdaily.com/article/2021/06/breaking-tufts-drops-outdoor-mask-requirement-announces-updates-to-covid-19-policies.

appears to the certifying court there is no controlling precedent in the decisions of [the SJC]." Mass. S.J.C. R. 1:03.  The First Circuit has already addressed Section 80's constitutionality in Dutra.  The retroactive analysis is the same under the U.S. and Massachusetts Constitutions.  See Am. Mfrs. Mut. Ins. Co. v. Comm'r of Ins., 372 N.E.2d 520, 525 (1978) ("[W]e perceive no need for separate analysis of [plaintiffs'] various contentions under the impairment-of-contracts clause and under the [D]ue [P]rocess [C]lause of the United States Constitution and cognate State constitutional provisions."); see also Dutra, 96 F.4th at 19 ("The legal analysis of whether retroactive statutes violate the Due Process Clause of the United States Constitution is that also followed as to the Massachusetts Constitution.").  Moreover, in Dutra, the First Circuit declined to certify any question to the SJC after both parties requested it.  See Barr v. Galvin, 793 F. Supp. 2d 463 (D. Mass. 2011) (declining to certify question to SJC after First Circuit neither certified any question itself nor ordered district court to certify a question upon remand).  This Court sees no reason to rule against this precedent.

### D. Doctrines of Impossibility and Frustration of Purpose

Even if Plaintiff's claims were not precluded by Section 80 and even if he had standing, the breach of contract claims are nevertheless barred by the doctrines of impossibility and frustration of purpose.  Both doctrines excuse performance because of a supervening event.  See SMS Fin. Recovery Servs., LLC v. Samaritan Senior Vill., Inc., No. 1:20-CV-12135-IT, 2024 WL 3458348, at *7 (D. Mass. July 18, 2024).  While the doctrine of impossibility excuses performance when it is no longer possible, frustration of purpose "excuses performance even where performance remains possible so long as the supervening event has destroyed the expected value of the contract."  Id. at n.4.  The First Circuit affirmed a court's finding that the doctrines of impossibility and frustration barred a plaintiff's contract claims against a Rhode Island

university due to the Governor's Executive Orders that limited the number of people in a public gathering.  See Burt v. Bd. of Trs. of Univ. of Rhode Island, 84 F.4th 42, 59 (1st Cir. 2023).  This Court finds no substantial difference between Massachusetts and Rhode Island's executive orders between March 2020 and March 2021 regarding public gatherings.  Compare Mass. Governor's COVID-19 Order Nos. 5, 13, 52, 54, 59, and 62, with R.I. Governor' Order Nos. 20-04, 20-09, 20-14, 20-40, 20-67, and 20-88.  Moreover, a sister court found that Massachusetts "Governor Baker's emergency orders rendered continued performance of the alleged contract illegal, not just unsafe."  In re Bos. Univ. COVID-19 Refund Litig., No. CV 20-10827-RGS, 2023 WL 2838379, at *3 (D. Mass. Apr. 7, 2023) (emphasis omitted), aff'd on other grounds sub nom., Dutra v. Trs. of Bos. Univ., 96 F.4th 15 (1st Cir. 2024).  This Court agrees and finds that Governor Baker's Executive Orders made in-person instruction both impossible and illegal.

Even if performance is excused, however, the Defendant may still owe restitution.  Omori v. Brandeis Univ., 635 F. Supp. 3d 47, 57 (D. Mass. 2022) ("Even if impossibility and/or frustration of purpose were to excuse [the University's] non-performance, the doctrines forgive performance by both parties to a contract.  If one party has performed, as the plaintiffs here did by paying full tuition, the non-performing party may owe it restitution.").  Restitution is appropriate when retention of benefit would be unjust.  See Metro. Life Ins. Co. v. Cotter, 984 N.E.2d 835, 850 (2013).  The party seeking restitution has the burden of proving that such retention was unreasonable.  Id.  Here, Plaintiff alleges that restitution is for overpayment of tuition.  [See Dkts. 81 at 22; 130 at 5.]

In order to receive restitution, Plaintiff needed to point to evidence indicating there is a "difference between the amount of tuition paid and the objective value of the online education

[he] ultimately received." Omori, 635 F. Supp. 3d at 57. Plaintiff has failed to do so.[4] Plaintiff could have shown that Tufts "priced similar [] courses differently depending on whether they were offered in-person or online." Id. Instead, Plaintiff relies on conclusory allegations and asks this Court to infer that he overpaid simply because courses were shifted online.[5] Like other courts, this Court cannot infer unreasonableness in the absence of objective evidence. See In re Bos. Univ. COVID-19 Refund Litig., 2023 WL 2838379, at *4.

## III.   CONCLUSION

Amid the burdens and fears of the COVID-19 pandemic, schools turned to remote instruction to meet students' educational needs while addressing public health concerns. The parties, as well as this Court, agree that remote instruction was necessary to keep everyone safe. It is the Court's understanding that Plaintiff has since graduated from Tufts University School of Dental Medicine and has obtained his Doctor of Dental Medicine ("DMD"). For the classes impacted by the COVID-19 pandemic, the journey to DMD may have looked different from previous years, but the destination was the same. The Court congratulates Plaintiff, and all other graduates who endured COVID-19, for reaching the finish line, despite the many challenges posed by the global pandemic. The Court likewise congratulates Tufts for getting students to the finish line.

The Court cannot grant Plaintiff his desired relief. For the foregoing reasons, Defendant's Motion for Summary Judgment and Supplemental Motion for Summary Judgment

---

[4] In fact, there is evidence showing that online courses are valued the same as in-person courses. [Dkt. 75-1 at 12-13] ("Tufts charges full-time students who enroll in Tufts' online programs and courses the exact same annual tuition rate as it charges Tufts students enrolled in equivalent in-person programs.").

[5] Plaintiff offers ample evidence of the University's fiscal position before, during, and after the COVID-19 pandemic. While it may be true that Tufts University experienced a surplus in revenue during the pandemic, that alone is not enough to entitle the Plaintiff to restitution. The proper inquiry is whether Tufts retained tuition when it provided a lesser quality course. Plaintiff has not provided evidence of this.

9

[Dkt. 75; Dkt. 103] is **GRANTED** and Plaintiff's Motion to Certify Questions of Law to the Massachusetts SJC [Dkt. 123] is **DENIED**.  Plaintiff's Motion to Certify Class [Dkt. 73] is **DENIED** as moot.  Plaintiff's Complaint is **DISMISSED**.

    **SO ORDERED.**

Dated: December 13, 2024                                              /s/ Angel Kelley
                                                                                          Hon. Angel Kelley
                                                                                          United States District Judge